IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| TERRY L. PYLES, #34864, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-01067-JPG |
| | ) | |
| GRANITE CITY POLICE DEPT. | ) | |
| and OFFICER DAILEY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Terry Pyles, a detainee at Madison County Jail ("Jail"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. (Doc. 1). Plaintiff claims that Granite City Police Department and Officer Dailey conducted an unlawful stop, search, and seizure of him in connection with Madison County Case No. 18-CF-3000. (*Id*. at pp. 1-6). He brings claims against both defendants for violations of his rights under federal and state law. (*Id*.). Plaintiff seeks monetary and "exculpatory" relief.[1] (*Id*. at pp. 3).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] To the extent Plaintiff seeks dismissal of pending criminal charges or a conviction in Case No. 18-CF-3000, the Court lacks authority to grant this relief under Section 1983. Plaintiff should instead use the appeals process in Illinois state court or seek habeas relief in state and/or federal court. *See* 28 U.S.C. §§ 2241 and 2254. This Order does not preclude him from doing so.

1

## The Complaint

In the Complaint, Plaintiff makes the following allegations (Doc. 1, pp. 1-3): While riding his bicycle in Granite City, Illinois, Plaintiff was stopped and arrested on an undisclosed date. As Plaintiff approached a stop sign, Granite City Police Officer Dailey trailed him in a squad car. The car followed Plaintiff so closely that he could not stop at the intersection. When he rolled through the stop sign, Officer Dailey pointed a Taser gun out of the passenger window and threatened to "taze" Plaintiff if he did not stop. Plaintiff stopped. Without issuing any *Miranda* warnings, the officer began questioning Plaintiff about suspected drug activity in the area. During this exchange, the officer placed Plaintiff in handcuffs, searched him, and arrested him. (*Id.*).

Based on the allegations, the Court finds it convenient to organize the *pro se* Complaint into the following enumerated Counts:

| | |
|---|---|
| **Count 1:** | Fourth Amendment claim against Defendants for the unlawful stop of Plaintiff in Granite City, Illinois. |
| **Count 2:** | Fourth Amendment claim against Defendants for the unlawful arrest/seizure of Plaintiff in Granite City, Illinois. |
| **Count 3:** | Fourth Amendment claim against Defendants for the unlawful use of force against Plaintiff in Granite City, Illinois. |
| **Count 4:** | Fourth Amendment claim against Defendants for the unlawful search of Plaintiff in Granite City, Illinois. |
| **Count 5:** | Fifth Amendment claim against Defendants for failing to read Plaintiff his *Miranda* warnings. |
| **Count 6:** | Fourteenth Amendment racial profiling claim against Defendants. |
| **Count 7:** | Illinois state law claims against Defendants for false imprisonment, malicious prosecution, slander, defamation, officer misconduct, etc. |

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

### Preliminary Dismissal

### Granite City Police Department

The Granite City Police Department is not a "person" subject to suit under 42 U.S.C. § 1983. Plaintiff's decision to name the police department as a defendant may represent his attempt to hold a municipality liable for his injuries. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978). However, municipal liability under § 1983 arises from the execution of a government policy or custom that causes a constitutional injury. *Id*. Plaintiff points to no such policy or custom. Accordingly, all claims against Granite City Police Department shall be dismissed without prejudice for failure to state a claim.

### Discussion

### Count 1

The Fourth Amendment requires only "some minimal level of objective justification" in connection with an investigatory stop. *INS v. Delgado*, 466 U.S. 210, 217 (1984). The requisite level of suspicion is less than probable cause. *United States v. Sokolow*, 490 U.S. 1, 7 (1989). Reasonable suspicion that the person is involved in criminal activity is enough. *Terry v. Ohio*, 392 U.S. 1, 31 (1968). Even minor traffic violations give officers probable cause to make a traffic stop. *Delaware v. Prouse*, 440 U.S. 648, 649 (1979). Plaintiff's failure to stop his bike at a stop sign is enough to justify an investigatory stop. *Madison v. City of Evansville*, 2015 WL 9455670, at *9 (S.D. Ind. 2015) (cyclist's failure to stop at stop sign justified officers' decision to conduct investigatory stop). Count 1 shall be dismissed without prejudice for failure to state a claim.

### Count 2

An investigatory stop can become "a full-blown arrest if it extends beyond the time reasonably necessary to complete the purpose for which the stop was made." *Huff v. Reichert*, 744

F.3d 999, 1005 (7th Cir. 2014). Plaintiff's stop did, indeed, result in his arrest. To state a claim for an unlawful arrest, a plaintiff must show that he was arrested without probable cause. *Gonzalez v. City of Elgin*, 578 F.3d 526, 538 (7th Cir. 2009). An officer has probable cause, if the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing . . . that the suspect has committed, is committing, or is about to commit an offense." *Gonzalez*, 578 F.3d at 537 (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). Plaintiff's allegations suggest that probable cause for his arrest may have been lacking. Count 2 shall receive further review against Officer Dailey.

**Count 3**

Whether the use of force is objectively reasonable under the Fourth Amendment depends on the totality of the circumstances. *Graham v. Connor*, 490 U.S. 386, 396 (1989). These circumstances include the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he is actively resisting or evading arrest. *Id*. at 396. Here, Plaintiff complains of Officer Dailey's use of a Taser and handcuffs, in response to his rolling stop. At this stage, the Court will allow Count 3 to proceed against the officer.

**Count 4**

In the margins of the Complaint, Plaintiff seeks to add a claim for an unlawful search, but he offers insufficient allegations in support of this claim. (Doc. 1, p. 3). Even at this stage, where Plaintiff is only required to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," he is still required to offer enough information to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." FED. R. CIV. P. 8(a); *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiff has failed to satisfy this pleading standard, and Count 4 shall be dismissed without prejudice.

**Count 5**

Officer Dailey's failure to read Plaintiff his *Miranda* warnings states no Fifth Amendment claim where Plaintiff identifies no inculpatory statements that were subsequently used against him in a criminal case. *See Chavez v. Martinez*, 538 U.S. 760, 766-67 (2003); *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1024-25 (7th Cir. 2006). Plaintiff mentions none. Count 5 shall be dismissed without prejudice as well.

**Counts 6 and 7**

Finally, Plaintiff's racial profiling claim (Count 6) and miscellaneous state law claims (Count 7) shall be dismissed on the same grounds as Count 4, for lack of factual development. *See* FED. R. CIV. P. 8(a); *Twombly*, 550 U.S. at 555 (quoting *Conley*, 355 U.S. at 47).

**Request for Counsel**

Plaintiff's request for recruitment of counsel in the Complaint (Doc. 1, p. 1) is **DENIED** without prejudice. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors district court must consider when presented with request for counsel by indigent litigant). Plaintiff has demonstrated insufficient efforts to locate counsel on his own. Moreover, his Complaint states two straightforward claims against a single defendant. The claims do not appear complicated. Despite his alleged lack of education, Plaintiff also appears capable of preparing pleadings, meeting court- imposed deadlines, conducting discovery, and otherwise litigating his claims. Plaintiff may renew this request by filing a new motion, if circumstances warrant it.

**Disposition**

**IT IS ORDERED** that **COUNTS 2** and **3** will receive further review against **OFFICER DAILEY**. **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that **COUNTS 2** and **3** are **DISMISSED** without prejudice against

5

Defendant **GRANITE CITY POLICE DEPARTMENT**, and **COUNTS 1, 4, 5, 6,** and **7** are **DISMISSED** without prejudice against **BOTH DEFENDANTS** for failure to state a claim.  The Clerk of Court is **DIRECTED** to **TERMINATE** Defendant **GRANITE CITY POLICE DEPARTMENT** as a party in CM/ECF.

**IT IS ORDERED** that Plaintiff's pending Notice of Intention to Litigate Section 1983 Action (Doc. 10) is **DISMISSED** as **MOOT**.

The Clerk of Court shall prepare for Defendant **OFFICER DAILEY**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff.  If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 12/26/2019**

s/J. Phil Gilbert<br>
**J. PHIL GILBERT**<br>
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**