IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRY L. PYLES, #34864,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 19-cv-01067-JPG |
| ) | |
| **OFFICER DAILEY,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is now before the Court for consideration of Defendant Jake Dailey's Motion to Stay Count 2 Pursuant to *Younger* Abstention Doctrine (Doc. 21) and Motion to Dismiss Count 3 for Failure to State a Claim (Doc. 22). For the reasons set forth below, both motions are **GRANTED**.

### Background

Plaintiff Terry Pyles filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 2, 2019. (Doc. 1). In the Complaint, Plaintiff alleged that he was stopped and arrested while riding his bike in Granite City, Illinois, on an undisclosed date. (*Id*. at 1-3). As Plaintiff approached an intersection, Granite City Police Officer Dailey trailed him so closely that Plaintiff rolled through the stop sign. (*Id*.). Officer Dailey then pointed a Taser gun out of the passenger window and threatened to "taze" Plaintiff if he did not stop. (*Id*.). Plaintiff complied with the officer's order. (*Id*.). Without issuing any *Miranda* warnings, the officer then began questioning Plaintiff about suspected drug activity in the area and ultimately arrested him. (*Id*.). Plaintiff was charged with unspecified crimes in Madison County Case No. 18-CF-3000. (*Id*.).

1

These events form the basis of Plaintiff's claims for federal and state law violations against the Granite City Police Department and Officer Dailey.  (*Id*. at 1-6).  Only two claims survived screening under 28 U.S.C. § 1915A:

> **Count 2:**   Fourth Amendment claim for the unlawful arrest/seizure of Plaintiff in Granite City, Illinois.
>
> **Count 3:**   Fourth Amendment claim for the unlawful use of force against Plaintiff in Granite City, Illinois.

Plaintiff was allowed to proceed with both claims against Officer Dailey.  (Doc. 13).

## Motion to Stay Count 2

Defendant Dailey filed a Motion to Stay the unlawful arrest/seizure claim in Count 2 pursuant to the *Younger* abstention doctrine.  (Doc. 21).  Defendant Dailey explains that the charges arising out of Plaintiff's arrest are still pending in Madison County Case No. 18-CF-3000, and the issue of whether there was sufficient probable cause to make the arrest may be adjudicated as part of that criminal case.  (*Id*. at 2).  Plaintiff confirms that his criminal case is still pending and clarifies that he seeks only money damages in this case, not "exculpatory" relief.  (Doc. 27).

Under *Younger*, federal courts are required to abstain from exercising federal jurisdiction over federal constitutional claims that involve or call into question ongoing state criminal proceedings.  *Younger v. Harris*, 401 U.S. 37 (1971); *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982); *Village of DePue, Ill. v. Exxon Mobil Corp.*, 537 F.3d 775, 783 (7th Cir. 2008).  *Younger* "preclude[s] federal intrusion into ongoing state criminal prosecutions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013).  Claims for money damages are typically stayed rather than dismissed.  *Simpson v. Rowan*, 73 F.3d 134, 138-39 (7th Cir. 1995).

The Court now finds that a stay of Count 2 is warranted. This claim involves an ongoing state criminal proceeding. A finding that the initial arrest/seizure of Plaintiff was unconstitutional would necessarily interfere with the state case. Accordingly, Count 2 is subject to the *Younger* abstention, and Defendant Dailey's Motion to Stay Count 2 (Doc. 21) shall be granted.

### Motion to Dismiss Count 3

Defendant Dailey also filed a Motion to Dismiss Count 3 for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 22). Defendant argues that pointing a taser at Plaintiff does not constitute excessive force, even when coupled with a threat to "taze" him and when followed by the act of handcuffing him.

In order to survive a Rule 12(b)(6) motion to dismiss, the complaint must allege enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A Plaintiff need not plead detailed factual allegations, but he or she must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 570. When considering a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

In the Complaint, Plaintiff alleges that he was threatened with a taser and handcuffed during his arrest. His claim of excessive force hinges on the officer's "uniform, tazer, [and] handcuffs." (Doc. 1, p. 3). Plaintiff does not allege that he was *actually* shot with a taser, handcuffed in a painful manner, or otherwise harmed. (*See* Doc. 1).

Whether the use of force is objectively reasonable under the Fourth Amendment depends on the totality of the circumstances. *Graham v. Connor*, 490 U.S. 386, 396 (1989). The circumstances include the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he was actively resisting or evading arrest. *Id*. at 396. Upon review of the allegations in the Complaint, the Court finds that they fall short of stating a claim upon which relief may be granted.

Under the Fourth Amendment, an officer may not knowingly use handcuffs in a manner that will inflict unnecessary pain or injury on a person who presents little or no flight risk or threat of harm. *Stainback v. Dixon*, 569 F.3d 767 (7th Cir. 2009) (citing *Herzog v. Village of Winnetka, Illinois*, 309 F.3d 1041, 1043 (7th Cir. 2002)). Plaintiff simply alleges that he was handcuffed. He sets forth no allegations suggesting that he suffered any pain or injury.

Moreover, verbal threats to use of force, such as a taser, are not equivalent to the actual use of force. *See, e.g., Hamilton for J.H. v. Fort Wayne*, No. 16-cv-132-TLS, 2017 WL 5467038 (N.D. Ind. 2017) (citing *Graham*, 490 U.S. at 397). The threat to use a taser in this case never resulted in its actual use and is therefore more akin to a warning that invited compliance with an order and avoidance of force. Given this, the Court finds that Count 3 lacks sufficient factual support to proceed under the pleading standard set forth in *Twombly*. Accordingly, Defendant Dailey's Motion to Dismiss Count 3 shall be granted.

## Disposition

**IT IS ORDERED** that Defendant Jake Dailey's Motion to Stay Count 2 Pursuant to *Younger* Abstention Doctrine (Doc. 21) and Motion to Dismiss Count 3 for Failure to State a Claim (Doc. 22) are **GRANTED**.

**IT IS ORDERED** that **COUNT 2** is **STAYED** pursuant to the *Younger* abstention doctrine and pending the conclusion of Plaintiff's ongoing criminal case, *i.e.*, Madison County Case No.

4

18-CF-3000, and appeal (if any appeal is filed).  The Court further **ORDERS** Plaintiff to file a status report with the Court on or before September 15, 2020, and the fifteenth (15th) day of every March and September thereafter, addressing the status of the criminal proceeding and/or appeal.  Plaintiff is further **ORDERED** to file a final report within thirty (30) days of the conclusion of the underlying criminal proceeding and/or appeal.  Once Plaintiff notifies the Court upon the later of the conclusion of his criminal proceeding and/or appeal, the Court will lift the stay and enter a scheduling order in this matter.  Plaintiff is **WARNED** that failure to timely file a status report, in compliance with this paragraph, shall result in dismissal of this action for failure to comply with a court order and/or for failure to prosecute his claim.  *See* FED. R. CIV. P. 41(b).

   **IT IS ORDERED** that **COUNT 3** is **DISMISSED** without prejudice for failure to state a claim against Defendant Officer Jake Dailey.

   Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

   **IT IS SO ORDERED**.

   **DATED: 7/28/2020**

                     s/J. Phil Gilbert
                      **J. PHIL GILBERT**
                      **United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**