IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| TERRY L. PYLES, #34864, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 19-cv-01067-JPG |
| OFFICER DAILEY, | ) ) | |
| Defendant. | ) ) ) | |

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court on Plaintiff's Status Report and Notice (Doc. 43) and Motion to Appoint Counsel (Doc. 44). Plaintiff Terry L. Pyles filed the underlying civil rights action pursuant to 42 U.S.C. § 1983 on October 2, 2019. He asserted claims against Granite City Police and Officer Dailey for conducting an allegedly unlawful stop, search, and seizure of him in connection with Madison County Case No. 18-CF-3000 ("criminal case"). (Doc. 1, pp. 1-6). On December 26, 2019, the Court screened the Complaint pursuant to 28 U.S.C. § 1915A and allowed Plaintiff to proceed with Fourth Amendment claims (Counts 2 and 3) against Dailey. (Doc. 13).

On February 25, 2020, Dailey filed an Answer to the Complaint (Doc. 24), along with a Motion to Stay Count 2 Pursuant to the *Younger* Abstention Doctrine (Doc. 21) and a Motion to Dismiss Count 3 for Failure to State a Claim (Doc. 22). This Court granted both motions and entered an Order staying Count 2 pending the conclusion of Plaintiff's ongoing criminal case and dismissing Count 3 for failure to state a claim for relief. *See* Doc. 31 (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Count 2 could not move forward until Plaintiff's criminal proceedings in Madison County Case No. 18-CF-3000 and any related appeal were complete. (Doc. 31, pp. 4-5).

1

In the meantime, Plaintiff was ordered to file a status report with the Court on or before September 15, 2020, and the fifteenth day of every March and September thereafter to update the Court about the status of these proceedings. (*Id.*). He was required to file a final report within thirty days of the conclusion of his criminal proceeding or appeal, so that the Court could lift the stay and enter a scheduling order. (*Id.*).

In his Status Report and Notice filed April 26, 2021, Plaintiff reports that Madison County Case No. 2018-CF-3000 has been dismissed. (Doc. 43). All related criminal charges against him have been dropped. (*Id.*). Plaintiff asks the Court to lift the stay and move forward with the case. His request shall be granted.

Plaintiff also seeks court-recruited counsel to represent him in this matter going forward, and this request shall be denied. (Doc. 44). There is no constitutional or statutory right to counsel in federal civil cases. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013); *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). However, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Id*. When considering a request for counsel, the district court must consider whether the plaintiff has made reasonable attempts to secure counsel and, if so, "whether the difficulty of the case—factually and legally— exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Plaintiff explains that his own efforts to locate an attorney have been unsuccessful, and numerous motions to amend the complaint were dismissed on procedural grounds. (*Id.*).

Plaintiff has not yet demonstrated reasonable efforts to find counsel on his own. He merely provides the names of seven paralegals, attorneys, and/or firms he contacted. (Doc. 44). His requests for representation were allegedly denied for "various reasons ranging from scheduling

affairs . . . to the lack of knowledge to properly represent an individual in a matter of this magnitude." (Doc. 44, p. 1). Plaintiff does not provide copies of any communications with counsel, such as letters requesting representation in this case or responses from attorneys or firms. He also fails to provide sufficient information about the nature of his request and response from each paralegal, attorney, or firm.

In addition, Plaintiff has demonstrated an ability to represent himself in this matter. He prepared a complaint that survived screening, and his filings have been coherent, organized, and timely. To the extent he seeks permission to file an amended complaint, Plaintiff still has time to do so. The Court will soon issue a Scheduling and Discovery Order that provides detailed instructions for amending the complaint and a deadline for doing so. He should review the Scheduling and Discovery Order in detail before preparing an amendment. If he requires additional time to prepare a motion for leave to amend the complaint and a proposed amended complaint, Plaintiff should file a motion asking for an extension of this deadline.

If he determines that counsel is necessary at any time, Plaintiff may renew his request by filing a new motion for recruitment of counsel. He should attach at least three letters to/from attorneys or firms who have declined to represent him in this matter. Alternatively, Plaintiff may provide a list of the attorneys/firms contacted, the dates of each contact, the nature of his request for representation, and the response he received from each one. The Clerk's Office shall be directed to provide Plaintiff with a blank motion for this purpose.

## Disposition

**IT IS HEREBY ORDERED** that the stay of this case, including Count 2, is **LIFTED.** Because Defendant Dailey has already filed an Answer to the Complaint (Doc. 24), the Court will separately enter a Scheduling and Discovery Order to provide further instructions for litigation.

Plaintiff's Motion to Appoint Counsel (Doc. 44) is **DENIED** without prejudice. The Clerk's Office is **DIRECTED** to provide Plaintiff with a blank form Motion for Recruitment of Counsel for use in preparing a new motion, if and when Plaintiff wishes to do so.

    **IT IS SO ORDERED**.

    DATED: 6/24/2021

s/J. Phil Gilbert  
**J. PHIL GILBERT**  
**United States District Judge**
