IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY L. PYLES, #34864, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-01067-JPG |
| | ) |
| OFFICER DAILEY,[1] | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for a decision on Defendant Officer Daily's motion to dismiss Counts 2 and 4 under Federal Rule of Civil Procedure 12(b)(6) (Doc. 69) and motion for judgment on the pleadings as to Counts 5 and 7 under Federal Rule of Civil Procedure 12(c) (Doc. 101). All briefing on both motions is complete. As explained below, Defendant's Rule 12(b)(6) motion shall be **DENIED** as to both Counts 2 and 4, and Defendant's Rule 12(c) motion shall be **DENIED in part** as to Count 7 and **GRANTED in part** as to Count 5.

Background

During his detention at Madison County Jail ("Jail"), Plaintiff Terry Pyles filed this civil rights action against Officer Daily and Granite City Police Department under 42 U.S.C. § 1983 for alleged violations of his rights under state and federal law in connection with an unlawful stop, search, and seizure that culminated in criminal charges against him in Madison County Case No.

---

[1] Jacob Daily answered and indicated that he is the arresting officer referred to incorrectly as "Officer Dailey" in the First Amended Complaint. The Clerk's Office shall be directed to **SUBSTITUTE** Defendant **JACOB DAILY** in place of Defendant **OFFICER DAILEY** in CM/ECF, and the defendant shall hereinafter be referred to as "Jacob Daily."

1

18-CF-3000. (Doc. 1). During screening of this matter under 28 U.S.C. § 1915A, the Court identified the following claims against Officer Daily and Granite City Police Department:

**Count 1:**   Fourth Amendment claim against Defendants for the unlawful stop of Plaintiff in Granite City, Illinois.

**Count 2:**   Fourth Amendment claim against Defendants for the unlawful arrest/seizure of Plaintiff in Granite City, Illinois.

**Count 3:**   Fourth Amendment claim against Defendants for the unlawful use of force against Plaintiff in Granite City, Illinois.

**Count 4:**   Fourth Amendment claim against Defendants for the unlawful search of Plaintiff in Granite City, Illinois.

**Count 5:**   Fifth Amendment claim against Defendants for failing to read Plaintiff his *Miranda* warnings.

**Count 6:**   Fourteenth Amendment racial profiling claim against Defendants.

**Count 7:**   Illinois state law claims against Defendants for false imprisonment, malicious prosecution, and negligent infliction of emotional distress.

(Doc. 13). Only Counts 2 and 3 against Officer Daily survived Section 1915A review. (*Id.*).

Along with his answer, Officer Daily filed a motion to stay Count 2 pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and dismiss Count 3 for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*See* Docs. 21-24). The Court granted both motions. (Doc. 31). On July 28, 2020, Count 2 was stayed pursuant to the *Younger* abstention doctrine pending conclusion of Plaintiff's underlying state criminal proceedings and any appeal. (*Id.*) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) ("preclud[ing] federal intrusion into ongoing state criminal prosecutions")). Count 3 was dismissed without prejudice for failure to state a claim upon which relief may be granted against Officer Daily. (*Id.*). The Court lifted the stay on Count 2, following dismissal of Madison County Case No. 18-CF-3000 in his favor, on June 24, 2021. (*See* Doc. 45).

Two months later, Plaintiff filed a motion seeking leave to amend the complaint and reinstate all claims against Officer Daily and add a claim for municipal liability against Granite City, Illinois. (Doc. 54). Plaintiff's motion was granted, in part, resulting in reinstatement of Counts 2, 4, 5, and 7[2] (in part) against Office Daily. (Doc. 62). All other claims and parties were dismissed. (*Id.*).

On February 4, 2022, Officer Daily filed a motion to dismiss the Fourth Amendment claims for an unlawful arrest (Count 2) and search (Count 4) under Rule 12(b)(6). (Docs. 69-70). On the same date, he filed an answer addressing the Fifth Amendment claim for failure to provide *Miranda* warnings (Count 5) and Illinois state law claims for malicious prosecution, false imprisonment, and negligent infliction of emotional distress (Count 7) (Doc. 71). Two weeks after the United States Supreme Court issued a decision in *Vega v. Tekoh*, -- U.S. --, 142 S.Ct. 2095 (decided June 23, 2022), holding that the failure to provide *Miranda* warnings creates no cause of action under 42 U.S.C. § 1983, Officer Daily filed a motion for judgment on the pleadings seeking dismissal of Counts 5 and 7 under Rule 12(c). (Doc. 101). The Rule 12(b)(6) motion (Doc. 69) and Rule 12(c) motion (Doc. 101) are the subject of this Order.

## **Applicable Legal Standards**

**A.     Rule 12(b)(6)**

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") is to decide the adequacy of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In order to survive a Rule 12(b)(6) motion to dismiss, the complaint must allege enough factual information to "state a claim to relief that is

---

[2] Plaintiff's claims for malicious prosecution, false imprisonment, and negligent infliction of emotional distress against Officer Daily were reinstated, but his remaining state law claims were not.

plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A Plaintiff need not plead detailed factual allegations, but he or she must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 570. When considering a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

**B.     Rule 12(c)**

According to Rule 12(c) of the Federal Rules of Civil Procedure ("Rule 12(c)"), a party may move for judgment on the pleadings after the pleadings are closed but early enough to not delay trial. *See* FED. R. CIV. P. 12(c).

## First Amended Complaint

According to the allegations in the First Amended Complaint (Doc. 64), Officer Daily stopped Plaintiff while he was riding his bicycle down Missouri Avenue in Granite City, Illinois, on October 3, 2018. At the time, Granite City Officer Daily was driving an unmarked Crown Victoria used by Granite City's Drug Task Force. After realizing the car was trailing him, Plaintiff signaled the vehicle to go around his bike.

Officer Daily pulled in front of Plaintiff's bike and flashed the vehicle's headlights to initiate a traffic stop. At the same time, the officer pointed a taser gun at Plaintiff's face and stated, "Move and I'll ta[s]e you." (*Id*. at 3). The officer knew Plaintiff from past encounters and was aware of his two prior drug possessions with no history of violence and no history of weapons

possession.  Plaintiff posed no threat to the officer at the time.  Upon exiting his vehicle, Officer Daily asked Plaintiff why he ran a stop sign "right in front of" the officer.  (*Id*. at 4).  Plaintiff maintains that the officer's display of his taser gun "in response to a simple stop sign violation" constituted excessive force.³  (*Id*. at 4).  Plaintiff alleges he was "in compliance with all designated 'Rules of the Road' as they apply to bicyclists as well as automobile drivers," and he was not issued a ticket for a traffic violation.  (*Id*. at 2-3).

Without conducting a search for any warrants or issuing any *Miranda* warnings, the officer questioned him about his movement of drugs and drug-related activities.  At some point during questioning and before receiving any *Miranda* warnings, Officer Daily ordered Plaintiff to place his hands on the car and submit to a search.  (*Id*. at 4-5).  While searching him, the officer retrieved a cigarette package containing methamphetamine.  Plaintiff was taken to Granite City Police Department and processed for drug possession.  Although the officer later issued a field report stating that Plaintiff admitted he "possessed meth in his pocket," Plaintiff claims this statement was "un-*Mirandized*," and Officer Daily justified his search by claiming that Plaintiff appeared "very nervous."  (*Id*. at 5).

Plaintiff alleges that the officer converted an otherwise simple stop for a traffic sign violation into a fishing expedition, and the prolonged stop became a "full blown arrest" that violated the Fourth Amendment and Illinois law (*i.e.*, 725 ILCS 5/108-1).  The officer's failure to inform Plaintiff of his rights under *Miranda* violated the Fifth Amendment.  And, his prosecution for possession of methamphetamine possession amounted to malicious prosecution, false imprisonment, and negligent infliction of emotional distress.

---

³ The Court dismissed Plaintiff's Fourth Amendment excessive force claim (Count 3) when screening the Complaint and First Amended Complaint, and it has not be reinstated. (*See* Docs. 13, 31, and 62).

**Discussion**

A.   **Count 2**

Plaintiff's claim for an unlawful arrest survives Officer Daily's motion to dismiss under Rule 12(b)(6). (Doc. 69). This claim hinges on the absence of probable cause. *Williams v. Rodriguez*, 509 F.3d 392, 398-99 (2007) (citing *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998) ("An essential predicate to any [Section] 1983 claim for unlawful arrest is the absence of probable cause.")). Its existence is "an absolute defense to any claim under Section 1983 against police officers for wrongful arrest." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). Officers possess probable cause when "'the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed' an offense." *Kelley*, 149 F.3d at 646. When analyzing claims of unlawful arrest, the Court considers the facts "as they would have appeared to a reasonable person in the position of the arresting officer." *Id*. (quoting *Kelley*, 149 F.3d at 646 (citing *Woods v. City of Chicago*, 234 F.3d 979, 987 (7th Cir. 2000)). The subjective intent of the officer is irrelevant in determining probable cause. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).

Officer Daily maintains that the Court already determined he possessed "cause" for the traffic stop when dismissing Count 1, and this same probable cause defeats Plaintiff's unlawful arrest claim in Count 2. (Doc. 70, p. 6). Officer Daily overstates the Court's finding. When dismissing Count 1, the Court noted that the officer possessed the "minimal level of objective justification" necessary to stop Plaintiff for running a stop sign on his bike. (Doc. 62, p. 5). However, the Court did not actually find that probable cause existed, and it was not necessary to do so before dismissing Count 1. *Id*. (citing *Madison v. City of Evansville*, 2015 WL 9455670, *9 (S.D. Ind. 2015) (cyclist's failure to stop at stop sign is sufficient to justify an investigatory stop);

*INS v. Delgado*, 466 U.S. 210, 217 (1984) (officer needed only "some minimal level of objective justification" to make the investigatory stop in compliance with the Fourth Amendment)).

When accepting the well-pleaded facts as true, the First Amended Complaint supports no finding of probable cause to arrest the plaintiff at this early stage. On the contrary, Plaintiff alleges that he was "in compliance with all designated 'Rules of the Road' as they apply to bicyclists as well as automobile drivers" when Officer Daily stopped him. (Doc. 64, pp. 2-3). Plaintiff further alleges that he was not issued a ticket for a traffic violation. (*Id*.). He was instead subjected to an unjustifiably long detention, questioning, and search without a warrant or probable cause and in violation of the Fourth Amendment. (*Id*. at 2-4). These allegations state a plausible claim for an unlawful arrest against Officer Dailey.

The traffic citation and Order of conviction do not alter the Court's analysis at this time. (*See* Doc. 70, Ex. 1 and 2). Officer Daily refers to both as Exhibits 1 and 2 in his Rule 12(b)(6) motion. (*Id*.). However, the officer did not include the traffic citation; he only filed the Order of conviction in support of his motion. (Doc. 70-1, Ex. 1). This Order refers to Madison County Case No. 18-TR-405163 and contains a signature dated December 6, 2018. (*Id*.). It lists Terry Pyles as the defendant and "Disregarding Stop Sign / 625 ILCS 5/11-1204(b)" as the offense. (*Id*.). The Order also indicates that Plaintiff pleaded guilty and waived the right to a trial. (*Id*.). However, there is no reference to the date of the underlying traffic violation, traffic citation, arresting officer, or alleged misconduct. (*Id*.).

The Court declines to make a probable cause finding based on the traffic citation (that was not included) or the Order of conviction (that was included as Doc. 70-1). Doing so requires this Court to look beyond the four corners of the First Amended Complaint and make additional factual leaps necessary to connect the alleged traffic violation, traffic citation, and order of conviction.

7

This, in turn, triggers application of Federal Rule of Civil Procedure 12(d) and converts the motion to dismiss to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Under Rule 56(a), the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  When considering a motion for summary judgment under Rule 56, the Court must construe all facts and reasonable inferences in favor of the non-moving party, which, in this instance, is the plaintiff.  *Blow v. Bijora, Inc.*, 855 F.3d 793, 797 (7th Cir. 2017) (citation omitted). However, Officer Daily did invoke Rule 12(d) or Rule 56(a), and Plaintiff had no opportunity to respond accordingly.  Standing alone, Officer Daily's Exhibit 1 provides insufficient grounds for a finding of probable cause, relief under Rule 12(b)(6), relief under Rule 12(d), or summary judgment under Rule 56(a).  Accordingly, Officer Daily's Rule 12(b)(6) motion to dismiss Count 2 shall be denied.

**B.     Count 4**

Plaintiff's claim for an unlawful search also survives review under Rule 12(b)(6).  The First Amended Complaint describes what appears, at this stage, to be a *Terry* investigatory stop. *Terry v. Ohio*, 392 U.S. 1 (1968).  To proceed from a *Terry* stop to a frisk, an officer must have reasonable suspicion that the person subjected to the frisk is armed and dangerous, but the officer need not be absolutely certain that the individual is armed.  *United States v. Hartsell*, 432 F.Supp.3d 805 (S.D. Ind. 2020) (citing *Huff v. Reichert*, 744 F.3d 999, 1009 (7th Cir. 2014); *Terry*, 392 U.S. at 28).  The search is generally limited to the outer clothing of the person in an attempt to discover weapons that might be used to harm the officer and others nearby.  *Terry*, 392 U.S. at 26 (protective search must be "strictly limited to that which is necessary for the discovery of weapons that might be used to harm the officer or others nearby").

Law enforcement officers may seize contraband discovered while executing a lawful *Terry* search, even if the officer lacks a warrant. *Hartsell*, 432 F.Supp.3d at 820 (citing *Minnesota v. Dickerson*, 508 U.S. 366, 373 (1993)). However, courts have found that the scope of a *Terry* search is exceeded by an officer who fails to conduct an initial limited search for arms and instead thrusts his hands into a person's pockets, without consent, and discovers drugs. *Id*. at 820 (citing *Sibron v. New York*, 392 U.S. 40, 65 (1968) (law enforcement violated the Fourth Amendment by thrusting their hands in person's pocket with "no attempt at initial limited exploration for arms")). In *Hartsell*, the United States District Court for the Southern District of Indiana granted a motion to suppress evidence of methamphetamine discovered in a cigarette package during a search similar to the one described in this case, after finding that it resulted from an unlawful search and seizure that ran afoul of the Fourth Amendment. *Id*. at 820.

When accepting the well-pleaded facts as true, this Court finds that the First Amended Complaint articulates a plausible Fourth Amendment unlawful search claim against Officer Daily. According to the allegations, Plaintiff posed no past or present threat to the officer at the time he was subjected to a search of his pockets and drugs were discovered inside a cigarette package. Criminal charges arising from this incident were dismissed for reasons that are not yet clear. Although the Court takes no position on the future of this or any other claim in this case, Officer Daily's Rule 12(b)(6) motion shall be dismissed as to Count 4.

**C.     Count 5**

On June 23, 2022, the United States Supreme Court held that a *Miranda* violation provides no grounds for bringing a constitutional claim for money damages under Section 1983. *Vega v. Tekoh*, -- U.S. --, 142 S.Ct. 2095 (2022). The Supreme Court issued this decision after this Court allowed Plaintiff to proceed with a Fifth Amendment claim against Officer Daily for failing to read

Plaintiff his *Miranda* warnings and after Officer Daily filed an answer in response to this claim in the First Amended Complaint. (*See* Docs. 13, 62, and 71). Officer Daily filed a motion seeking dismissal of this claim, and Plaintiff does not object to this request. Given the *Vega* decision and unopposed motion, this Court agrees that dismissal of Count 5 is appropriate. Accordingly, Officer Daily's Rule 12(c) motion shall be granted, in part, as to Count 5, and this claim shall be dismissed with prejudice from this action.

D.   **Count 7**

Having found that Counts 2 and 4 are subject to further review, the Court deems it appropriate to deny Officer Daily's Rule 12(c) motion as to Count 7. The same allegations support all three claims, and the Court previously found that the allegations articulate plausible claims for malicious prosecution, false imprisonment, or negligent infliction of emotional distress under Illinois state law at screening. (*See* Docs. 62 and 64). The Court reaches the same conclusion again and incorporates the Order at Doc. 62 herein. Officer Daily's Rule 12(c) motion to dismiss Count 7 shall be denied.

## Disposition

The Clerk's Office is **DIRECTED** to **SUBSTITUTE** Defendant **JACOB DAILY** in place of **OFFICER DAILEY** in CM/ECF, and this defendant shall be referred to as "Officer Jacob Daily" going forward.

**IT IS HEREBY ORDERED** that Officer Daily's Motion to Dismiss Counts 2 and 4 under Federal Rule of Civil Procedure 12(b)(6) (Doc. 69) is **DENIED**, and Officer Daily's Motion for Judgment on the Pleadings Under Federal Rule of Civil Procedure 12(c) (Doc. 101) is **GRANTED** as to Count 5 and **DENIED** as to Count 7.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint (Doc. 64) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS SO ORDERED.**

**DATED: 9/28/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
