UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY L. PYLES,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER DAILY,<br><br>    Defendant. | Case No. 19-cv-1067-JPG |

## MEMORANDUM AND ORDER

This matter is before the Court for consideration of a Motion for Summary Judgment filed by Defendant Officer Daily. ("Defendant" or "Officer Daily"). (Doc. 112). Plaintiff Terry L. Pyles ("Plaintiff" or "Pyles"), through counsel, opposes the motion. (Doc. 116). Defendant has filed a reply. (Doc. 119). For the reasons set forth below, the motion shall be **GRANTED** and Pyles' Amended Complaint **DISMISSED WITH PREJUDICE**.

### BACKGROUND

This case involves a federal suit for deprivations of constitutional rights pursuant to 42 U.S.C. § 1983. Pyles claims that Officer Daily violated his Fourth Amendment rights resulting in an unreasonable arrest and search. Specifically, Pyles argues Officer Daily unconstitutionally prolonged a traffic stop while Pyles was riding his bicycle because of a failure to stop at a stop sign. Pyles argues that when Officer Daily stopped and arrested Pyles, Officer Daily did not have probable cause or reasonable suspicion to arrest and search Pyles.

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Officer Daily filed for summary judgment on all counts of Pyles' amended complaint. Officer Daily argues that he had sufficient probable cause to support the lawful arrest of Pyles after witnessing him disregard a stop sign while on his bike. Further, he argues that he was legally

1

allowed to perform a search on Pyles, which recovered methamphetamine. Therefore, the search and arrest did not violate Pyles' Fourth Amendment rights. Additionally, Pyles' state law claims for malicious prosecution, false imprisonment, and negligent infliction of emotional distress fail under summary judgment as well.

## PLAINTIFF'S RESPONSE

Pyles' responds and argues Officer Daily's motion should be denied as there is a genuine issue of material fact concerning Officer Daily's probable cause in support of the arrest and search of Pyles. Specifically, Pyles indicates the motion should be denied as to unlawful arrest because there is a genuine dispute as to the reasonableness of Officer Daily's seizure under the Fourth Amendment. Additionally, Pyles argues that the claim for unlawful search and state law claims should be denied because there is a genuine dispute of material fact as to Officer Daily's reasonable suspicion or probable cause in support of the search.

## FACTS

On October 3, 2018, Pyles was riding his bicycle on Missouri Avenue in Granite City, Illinois. At around 1:30 p.m. while Pyles was biking shirtless, Pyles noticed a car behind him, which he believed was following too closely behind him, bumped his tire, which made him pedal faster. (Doc. 113 at 2); (Doc. 116 at 2). In Pyles' deposition, after he was bumped he looked back and recognized the car as an unmarked Granite City police car. (Doc. 116 at 2). Officer Daily flashed his lights and pulled in front of Pyles and initiated a stop. *Id*. Pyles claims the officer ordered him to stop while pointing a taser at him. Pyles indicated the officer stated "move and I will tase you" (Doc. 116 at 2) (cleaned up). Officer Daily got out of the police car and asked Pyles why he would run a stop sign "right in front of" Officer Daily. (Doc. 113 at 2); (Doc. 116 at 2). According to Defendant, Pyles then responded that he did not see the sign and was looking at

Officer Daily's car, which had been following him too closely. (Doc. 113 at 2). Officer Daily then conducted a pat down search. (Doc. 113 at 2). According to Pyles, Officer Daily immediately began asking about drug-related activities along with the pat down search. (Doc. 116 at 2-3).

During the search Officer Daily reached into Pyles' back pocket and pulled out a cigarette packet which contained methamphetamine. (Doc. 113 at 3). Officer Daily then handcuffed Pyles and continued to search him. (Doc. 116 at 3). Officer Daily then took Pyles to Granite City jail for processing and booking for possession of methamphetamine. *Id*. The entire encounter and stop lasted "two or three minute tops" according to Pyles (Doc. 113 at 3). He was charged with Class 3 possession of methamphetamine and a citation for disregarding a stop sign. (Doc. 113 at 3). Pyles plead guilty to the citation, and the methamphetamine possession charges were dismissed after Pyles plead guilty in another case. *Id*.

On October 2, 2019, Pyles filed a *pro se* complaint against Officer Daily and Granite City Police Department. (Doc. 1). Pursuant to for preliminary review under 28 U.S.C. § 1915A, the Court only allowed claims against Officer Daily to move forward. (Doc. 13). Officer Daily filed a motion to dismiss and motion for judgment on the pleadings, which the Court granted in part and denied in part. (Doc. 108). Therefore, the only counts remaining are a claim for unlawful arrest under the Fourth Amendment, a claim for unlawful search under the Fourth Amendment, and state law claims for malicious prosecution, false imprisonment, and negligent infliction of emotional distress.

## ANALYSIS

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is proper only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P.

56(a); see *Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012). The moving party has the burden of establishing that no material facts are genuinely disputed. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Lawrence v. Kenosha Cnty.*, 391 F.3d 837, 841 (7th Cir. 2004). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party. *Lawrence*, 391 F.3d at 841.

When presented with a motion for summary judgment, the Court does not decide the truth of the matters presented, and it cannot "choose between competing inferences or balance the relative weight of conflicting evidence." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hansen v. Fincantieri Marine Grp.*, LLC, 763 F.3d 832, 836 (7th Cir. 2014) (citations omitted). Once a properly supported motion for summary judgment is filed, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. The Court must then "view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party." *Hansen*, 763 F.3d at 836. A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *accord Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017).

### A.   Unlawful Arrest Claim

First, the Court addresses Officer Daily's motion for summary judgment on Plaintiff's Fourth Amendment claim for unlawful arrest. Officer Daily argues Pyles cannot prevail on his unlawful detention claim because there was probable cause to arrest him.[1] The parties here differ on what legal analysis applies to this case. Officer Daily argues that this case involves a lawful

---

[1] *See Mustafa v. City of Chi.*, 442 F.3d 544, 547 (7th Cir. 2006) (explaining that probable cause defeats a § 1983 claim based on wrongful arrest or false imprisonment). Probable cause exists where a prudent officer would be warranted, based on known facts, in believing that the suspect had committed a crime. *Id*.

arrest to a traffic violation and therefore the arrest and search incident to the arrest are lawful. Pyles argues that Officer Daily fails to meet his burden both under a *Terry* reasonable suspicion analysis or probable cause analysis, and therefore Officer Daily violated his Fourth Amendment protections.

"A seizure occurs when a reasonable person ... would believe that his liberty has been restrained." *U.S. v. Lewis*, 608 F.3d 996, 1000 (7th Cir. 2010). The Fourth Amendment permits police officers to stop and temporarily detain a person for questioning and for a limited investigation if the police have reasonable suspicion that the person has committed or is about to commit a crime. *United States v. LePage*, 477 F.3d 485, 487 (7th Cir. 2007). This type of seizure arising from a traffic stop is governed by the principles of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). An arrest, on the other hand, requires probable cause. *See United States v. Vega*, 72 F.3d 507, 515 (7th Cir. 1995). "If probable cause to arrest is found to exist, it 'is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest.' " *Jackson v. Parker*, 627 F.3d 634, 638 (7th Cir. 2010) (quoting *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006)). "Probable cause exists if an officer reasonably believes, in light of the facts known to [him] at the time, that a suspect had committed or was committing an offense." *Jackson*, 627 F.3d at 638 (quoting *United States v. Reed*, 443 F.3d 600, 603 (7th Cir. 2006)). "A probable cause determination 'relies on the common-sense judgment of the officers based on the totality of the circumstances.' " *Id*.

Probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983). Probable cause does not require "conclusive proof" of a crime, only a "reasonably grounded suspicion." *Boyce v. Fernandes*, 77 F.3d 946, 950 (7th Cir. 1996). Probable cause need not be "based on

evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false." *Hughes v. Meyer*, 880 F.2d 967, 969 (7th Cir. 1989). Subsequently discovered facts are not relevant to a probable cause determination. *Maniscalco v. Simon*, 712 F.3d 1139, 1144 (7th Cir. 2013) ("[T]he probable-cause inquiry depends on the facts known to the arresting officer at the time of the arrest. The fact that an officer later discovers additional evidence unknown to her at the time of the arrest is irrelevant—we only care about what the officer knew at the time the decision was made.") (quoting *Devenpeck v. Alford*, 543 U.S. 146, 152, (2004); *Reynolds v. Jamison*, 488 F.3d 756, 765 (7th Cir. 2007)) (quotation marks omitted).

Officer Daily argues because there was probable cause for an arrest, Pyles cannot sustain this claim. Specifically, Officer Daily indicates that Illinois law authorizes the officer to make an arrest if there are reasonable grounds the person is committing or committed an offense. 725 ILCS 5/107–2; *see also Williams v. Vasquez*, 62 Fed.Appx. 686, 690 (7th Cir. 2003). Additionally, Officer Daily notes that the Supreme Court has held that arrests for minor offenses do not violate the Fourth Amendment. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001) (Fourth Amendment does not forbid warrantless arrest of a driver for a minor offense, including traffic laws such as failure to wear a seatbelt*); Chortek v. City of Milwaukee*, 356 F.3d 740, 745 (7th Cir.2004) ("Arrest for a minor, non-jailable offense does not violate the Fourth Amendment.").

Pyles responds that although a traffic violation creates probable cause for an officer to stop a vehicle, there must be facts presented to lead a reasonable person to believe a crime has occurred, and that defendant has committed it. (Doc. 116 at 7). Pyles argues that there is material dispute that Pyles disregarded the stop sign. Specifically, in response to the question of whether he ran a stop sign, Pyles stated "I would imagine so, if [Officer Daily] says there was one, I would believe

that there probably was." (Doc. 119 at 3). Pyles further states "it is not certain if Plaintiff did in fact run a stop sign" because Officer Daily bumped his bicycle and failed him before he pulled him over. Officer Daily argues that Pyles is prevented from arguing he did not disregard the stop sign pursuant to the *Heck* doctrine because he pled guilty to violating a stop sign. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

*Heck*, as the Supreme Court later explained in *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), held that defendant may not raise a claim under § 1983 "which, if true, would have established the invalidity of his outstanding conviction." *Id*. at 392, 127 S.Ct. 1091. *Easterling v. Moeller*, 334 F. App'x 22, 23 (7th Cir. 2009) (stating *Heck* "holds that a claim for damages may not be pursued if its success would necessarily imply the invalidity of the criminal conviction or sentence."). But *Heck* does not bar challenges to searches and seizures, or false arrests, that do not necessarily affect a conviction's validity. *Id*. at 397. The case of *Mordi v. Zeigler* is instructive here. 870 F.3d 703, 707 (7th Cir. 2017). There, the plaintiff brought claims under § 1983 against officers alleging they did not have probable cause to initiate a traffic stop against him. *Id*. at 705. State troopers pulled over the plaintiff while driving on a highway for failing to have his license plate on his bumper. *Id*. Near the conclusion of the stop, however, officers asked the plaintiff whether they could search his car for drugs. *Id*. at 706. The plaintiff said no. *Id*. Some 20 minute into the stop, an officer radioed for a drug-sniffing dog, which arrived 10 minutes later. *Id*. The dog sniffed the car, alerted the officers to drugs, and the officers searched and found crack cocaine in a duffle bag on the seat. *Id*. Eventually the plaintiff pled guilty to federal drug charges for possession with intent to deliver. *Id*. But the plaintiff also filed a civil suit alleging that the officers racially profiled him and did not have probable cause to prolong the stop. *Id*. at 706-07.

The Seventh Circuit held that *Heck* did not bar the plaintiff's Fourth Amendment claims. *Id*. at 707-08. First, the court determined that even if the plaintiff prevailed on his prolonged-detention and racial-profiling claims, his conviction would still be secure. *Id*. at 707. Indeed, the court recognized that "a court's decision not to suppress illegally seized evidence can lead to a conviction without blotting out a § 1983 challenge to the seizure." *Id*. (quoting *Evans v. Poskon*, 603 F.3d 362, 363-63 (7th Cir. 2010)). This is because courts do not suppress a person's body. *Id*. Second, the Seventh Circuit stated that even where a litigant makes some *Heck*-barred contentions, the proper course of action is to carve off any *Heck*-barred contentions and proceed with what remains. *Mordi*, 870 F.3d at 708. Whereas in *Mordi*, prevailing on the prolonged-detention claim and racial-profiling claim would not disturb the federal drug possession conviction, the same is not true with Pyles. Because Pyles pled guilty to the stop sign charge, he cannot claim that officers did not have probable cause related to the stop. Had Pyles not pled guilty to the stop sign charge and were convicted of the possession charges, this case would be more similar to *Mordi*. *See e.g. Easterling v. Moeller*, 334 F. App'x 22, 24 (7th Cir. 2009) (Plaintiff's allegation that police lacked consent to search plaintiff's bag containing critical evidence does not implicate "the validity of [plaintiff's] conviction."). However, here, Pyles states that there is a genuine issue of fact as to "whether Plaintiff ran the stop sign, and consequently, whether Defendant had probable cause to arrest Plaintiff." Because Pyles pled guilty to the stop sign violation, he is *Heck*-barred from arguing he did not run the stop sign.

Pyles also argues that there was no probable cause for the arrest in light of the prolonged nature of the stop. Specifically, he states that because Officer Daily asked Pyles "why would you run a stop sign in front of me, Pyles" and began questioning him about drug-related activities, his traffic investigation had ended. Specifically, Pyles argues that once Defendant pulled Pyles over,

he did not issue a citation but began to question him about drug-related activities while searching and patting down his pockets. (Doc. 116 at 7). Pyles argues that when Officer Daily asked Pyles why he would run a stop sign in front of him, and began asking about drug-related activities, his investigation into the traffic stop began and ended. *Id*.

In support, Pyles cites Illinois Supreme Court case *People v. Cox*, 202 Ill.2d 462, 468 (2002) (stating when police officer observes a driver commit a traffic violation, officer is justified in detaining that driver briefly, make initial inquiries, check driver's license, conduct a speedy warrant check, and if no further suspicious activity is aroused, the traffic stop should go no further). Officer Daily responds that *People v. Cox* has been overruled. However, *Cox* is still good law. *People v. Harris*, 228 Ill. 2d 222, 236, 886 N.E.2d 947, 957 (2008) ("Although *Cox* is still "good law" for this limited proposition [in holding traffic stop was impermissible because it occurred after overly long detention of driver], this court subsequently overruled *Cox* in part in *People v. Bew*, 228 Ill.2d 122, 319 Ill.Dec. 878, 886 N.E.2d 1002 (2008)"). However, the Court disagrees with Pyles regarding *Cox*'s sweeping applicability. *Cox* does not stand for the proposition that a police officer is only limited to detaining to investigate, ask questions solely related to the traffic violation, and can only issue a citation. That proposition is counter to the Supreme Court's directive in *Atwater*, where an officer may arrest an individual for a minor traffic violation. The Court agrees that while such an arrest is uncommon, it is not prohibited by the Fourth Amendment. Further, Pyles testified that the entire encounter lasted around 2-3 minutes and therefore was not an overly long detention.

Officer Daily argues that this case is akin to *Williams v. Rodriguez*, 509 F.3d 392, 399 (7th Cir. 2007). In *Williams*, a police officer pulled behind a car that had stopped on Lake Shore Drive in Chicago. *Williams*, 509 F.3d at 396. After administering field sobriety tests on the

motorist, the officer placed the motorist under arrest for driving under the influence of alcohol. *Williams*, 509 F.3d at 397. After a bench trial in state court, the motorist was found not guilty of driving under the influence and obstructing traffic. *Id*. at 398. In the ensuing § 1983 action for false arrest, the motorist argued that probable cause did not exist for the driving under the influence charge. *Id*. at 400. The Seventh Circuit rejected the claim finding that the officer had probable cause due to the objective nature of the probable cause analysis. The appellate court noted that because this analysis is objective, "it is of no consequence that Officer Rodriguez's subjective reason for making the arrest was driving under the influence rather than a violation of [offense to stop or park upon roadway]." *Id*. at 401. Pyles argues that *Williams* is not analogous because the facts are distinct from this case. (Doc. 116 at 9). While the Court agrees that the same facts are not at issue, *Williams* is instructive. It appears Officer Daily suggests that even if Defendant's suggestive reason for arresting Pyles was for a drug offense, courts are directed to view the case objectively for the conduct for which officers have probable cause for – here stop sign violation. The Court agrees. Viewing the officer's actions objectively, and in light of the fact Pyles cannot dispute he did not violate the stop sign statute, Officer Daily had probable cause for the stop. *See also United States v. Norville*, 43 F.4th 680, 682 (7th Cir. 2022); *Ramos v. City of Chicago*, 716 F.3d 1013, 1018 (7th Cir. 2013) (collecting cases) ("[W]e have repeatedly held that the offense for which probable cause exists need not be the subjective offense for which the officer was conducting the arrest."); *see United States v. Reaves*, 796 F.3d 738, 741 (7th Cir. 2015) ("[W]e need only inquire whether the officer had probable cause to believe that a traffic violation occurred, not whether a violation actually occurred.").

  Pyles argues that this case is akin to a *Terry* stop where Officer Daily prolonged the traffic stop beyond what was necessary to effectuate the purpose of the stop, leading to the

unlawful arrest and seizure of Pyles. (Doc. 116 at 6). However, as noted above, Officer Daily had probable cause to believe Pyles violated a stop sign law, and Pyles pled guilty for said offense. Therefore, this is not a *Terry* stop.

Pyles argues that this case is similar to *Huff v. City of Collinsville*, 2013 WL 12097572 (S.D. Il. 2013). In *Huff*, the court found denied defendants' motion for summary judgment where defendants claimed there was probable cause for an arrest based on the fact plaintiffs' vehicle crossed the center line without using a turn signal, one of the occupants seemed nervous, plaintiff's address was different than listed on his driver's license and temporary license card, the highway was a high-crime area, and plaintiff's routine criminal check revealed marijuana and other charges. *Id*. at *4. However, because plaintiffs disputed that they crossed the center line without signaling, the Court found that fact was material and disputed. Additionally, plaintiffs dispute the subjective assessment that an occupant was acting nervous. *Id*. Because two facts that were the basis of the defendants' probable cause analysis were disputed, the court could not find as a matter of law there was probable cause to arrest plaintiff. *Id*. The same is not the case here. Because Officer Daily believed Pyles violated the stop sign law and Pyles is precluded from disputing he did not violate the stop sign law after pleading guilty to the violation pursuant to *Heck*, this case is distinguishable from *Huff*.

The Court is cognizant that had Pyles not plead guilty to the stop sign charge and able to dispute Officer's Daily purported probable cause pursuant to *Heck*, this case may have been resolved by a jury. Because his argument is *Heck*-barred, the Court finds the arrest was lawful because Officer Daily had probable cause to arrest Pyles on a minor traffic violation. For that reason, the Court will grant summary judgment in favor of Officer Daily on Pyles' unlawful arrest claim.

### B. Unlawful Search Claim

The Court next addresses Officer Daily's motion for summary judgment on Plaintiff's illegal search claim. Officer Daily argues that the search was incident to a lawful arrest. Pyles argues that because Defendant lacked the requisite probable cause to lawfully arrest Pyles in the first place, there was no legal search incident to the arrest of Pyles. (Doc. 116 at 12).

Officer Daily cites *United States v. Robinson* in its support. 414 U.S. 218, 235, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). If an officer has probable cause to arrest, she also may conduct a search incident to that lawful arrest without any additional justification. *Id*. As the Supreme Court has explained, searching a person incident to arrest "enables officers to safeguard evidence, and, most critically, to ensure their safety during 'the ex-tended exposure which follows the taking of a suspect into custody and transporting him to the police station.' " *Virginia v. Moore*, 553 U.S. 164, 177, 128 S.Ct. 1598, 170 L.Ed.2d 559 (2008) (quoting *Robinson*, 414 U.S. at 234–35, 94 S.Ct. 467).

The record shows that Officer Daily had probable cause to arrest Pyles for a stop sign violation. Because the officer had probable cause to arrest Pyles, a subsequent pat down was permissible incident to an arrest. *United States v. Paige*, 870 F.3d 693, 701 (7th Cir. 2017) ("Because Officer Sheets-Walker had probable cause to arrest for both offenses, her subsequent pat down of Mr. Paige was permissible incident to that arrest."). Additionally, as the Seventh Circuit held in *Paige*, the search is not unlawful and is "unaffected by [the officer's] decision to conduct the search *before* arresting [defendant]." *Id*. (emphasis in original). As the Supreme Court explained in *Rawlings v. Kentucky*, "[w]here the formal arrest follow[s] quickly on the heels of the challenged search," it is not "particularly important that the search preceded the arrest rather than vice versa." 448 U.S. 98, 111, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980).

The Court agrees that a stop sign violation is a relatively minor offense. However, the Fourth Amendment allows a police officer to stop, arrest, and search someone for such a minor offense. *United States v. McPhaul*, 835 F.3d 687, 690 (7th Cir. 2016) ("He argues that his violations were relatively minor so they did not justify the officers' use of their "felony stop" procedures (including removing McPhaul from the car and patting him down)."). Additionally, police may conduct a search incident to arrest, *United States v. Robinson*, 414 U.S. 218, 236, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *United States v. Hill*, 818 F.3d 289, 295 (7th Cir. 2016), even before the arrest is announced, *Rawlings*, 448 U.S. at 111, 100 S.Ct. at 2556; *United States v. Leo*, 792 F.3d 742, 748 n.1 (7th Cir. 2015); *United States v. Jackson*, 377 F.3d 715, 717 (7th Cir. 2004); *United States v. Coleman*, 676 F. App'x 590, 592 (7th Cir. 2017) ("In this case, the police gained probable cause to arrest Coleman for refusing to provide identification, and, as soon as he was in handcuffs, the gun was found in his pants pocket. It would be frivolous to argue that the gun should have been suppressed.").

*Robinson* held traffic violation arrest would not be rendered invalid by the mere fact it was a "mere pretext for a narcotics search[.]" *id*. at 221, n. 1, 94 S.Ct. 467("A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification."). The Seventh Circuit as well as the Supreme Court has upheld *Robinson* in subsequent decisions. *See United States v. Watson*, 558 F.3d 702, 704 (7th Cir. 2009) (upholding seizure where subjective basis for stop unrelated to the stop that rear license plate was not illuminated as required by law).

Pyles argues that the decision in *Hicks v. Cook County Sheriff's Office* is analogous. No. 15 C 06852, 2018 WL 1561738, at *1 (N.D. Ill. Mar. 30, 2018). In *Hicks*, ruling on a motion to dismiss, the Court found that plaintiff had stated a Fourth Amendment claim and that the seizure

was unreasonable once the stop shifted "from the purported traffic offense to the officers' extortionate demands for guns." *Id*. at *3. The court found that officers' authority for that traffic-related seizure ended when their tasks "tied to the traffic infraction [were]—or reasonably should have been—completed." *Id*. (citing *Rodriguez v. United States*, 575 U.S. 348, 135 S. Ct. 1609, 1614 (2015)). However, the Court finds Officer Daily's actions reasonable in its totality. The entire encounter was not prolonged lasting 2-3 minutes total, and his "actual search" "was a lawful search incident to an arrest." *Utah v. Strieff*, 579 U.S. 232, 241, 136 S. Ct. 2056, 2063, 195 L. Ed. 2d 400 (2016) (citing *Gant* at 339, 129 S.Ct. 1710). Additionally, in *Rodriquez,* the Supreme Court held that a traffic stop can be unlawful beyond the time required to complete the mission of issuing a warning ticket. *Rodriguez*, 575 U.S. 348 at 354-355, 135 S. Ct. 1615. The same did not happen here because Officer Daily did not issue a warning or citation and then unnecessarily prolong the seizure and search beyond what was reasonable.

The Court finds that the search was incident to an arrest and therefore lawful. For that reason, the Court grants summary judgment in favor of Officer Daily as to Pyles' Fourth Amendment unlawful search claim.

  **C.**  **State Law Claims**

Pyles also alleges of various state law claims including malicious prosecution, false imprisonment, and negligent infliction of emotional distress. Because the Court has ruled in favor of Officer Daily, the Court does not have jurisdiction over the remaining state law claims. *Braun v. Vill. of Palatine*, 56 F.4th 542, 545 (7th Cir. 2022), reh'g denied, No. 20-3227, 2023 WL 2188741 (7th Cir. Feb. 23, 2023) (affirming relinquishing jurisdiction over remaining state law claims after finding officer had probable cause to arrest plaintiff on § 1983 claim).

Additionally, because the Court has found that Officer Daily had probable cause to arrest and search Pyles, that finding is an absolute bar to Pyles' malicious prosecution and false imprisonment claim. *Holmes v. Vill. of Hoffman Est.*, 511 F.3d 673, 682 (7th Cir. 2007); *e.g., Mannoia v. Farrow*, 476 F.3d 453, 459 (7th Cir. 2007) (applying Illinois law); *Stokes v. Bd. of Educ. of the City of Chicago,* 599 F.3d 617, 626 (7th Cir. 2010) (Lack of probable cause is a common element of the Illinois claims of false arrest, false imprisonment, and malicious prosecution and probable cause finding means defendants entitled to summary judgment on supplemental state law claims). Additionally, negligent infliction of emotional distress requires extreme and outrageous conduct, intent to inflict emotional distress, and conduct in fact caused severe emotional distress. *Id*. (internal citations omitted). Because the Court found Officer Daily had probable cause to arrest and search Pyles, his conduct does not come close to "extreme and outrageous conduct."

The Court grants summary judgment in favor of Officer Daily regarding Pyles' state law claims.

## CONCLUSION

The Court hereby **GRANTS** Defendant Officer Daily's Motion for Summary Judgment (Doc. 112), **DISMISSES WITH PREJUDICE** Plaintiff Terry L. Pyles' Amended Complaint, and **DIRECTS** the Clerk of the Court to enter judgment accordingly.


**IT IS SO ORDERED.**
**DATED:  June 12, 2023**

                                              /s/ J. Phil Gilbert
                                              J. PHIL GILBERT
                                              U.S. DISTRICT JUDGE